[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16279

_____

D. C. Docket No. 03-61080-CV-CMA

TAWANNA BROWN,

Plaintiff-Appellant,

versus

DILLARD'S INC.,
a foreign corporation,

Defendant,

COLIN COWDEROY,
individually,
MARTIN LENIHAN,
individually,
CITY OF FORT LAUDERDALE, FLORIDA,
a Florida municipal corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 7, 2006)**

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*], District Judge.

PER CURIAM:

Tawanna Brown appeals from an adverse summary judgment in her suit against the City of Fort Lauderdale, Police Officers Martin Lenihan and Colin Cowderoy, and Dillard's, Inc. claiming false arrest for shoplifting at Dillard's. We have reviewed the record and considered the oral argument of the parties and find no reversible error.

Summary judgment is appropriate if the evidence before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995). On motion for summary judgment, a non-moving party must "go beyond the pleadings and by [its] own affidavits or by 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c)). The district court determined that

---

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

Brown had failed to establish that there was a material issue of fact regarding the existence of  probable cause to arrest in this case.  The record supports that determination.  The existence of probable cause to arrest defeats any claim of false arrest.

**AFFIRMED.**